# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>        Plaintiff,<br><br>  v.<br><br>PATTERSON PD CHIEF TORI HUGHES, et al.,<br><br>        Defendants. | Case No. 1:13-CV-01980-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO FILE ELECTRONICALLY<br><br>(Doc.3) |

      Arguing that he is disadvantaged in time and expense as compared to individuals represented by attorneys, Plaintiff Eugene Forte, who is proceeding *pro se*, requests permission to file court documents using the Court's electronic case filing system (CM/ECF). Plaintiff argues that it is unfair that he must either prepare his documents in sufficient time to mail them in time for deadlines or incur the cost of driving them to the courthouse and that being unable to file his documents after the Clerk's office is closed is also unfair.

      "Pro se parties are exempted from the requirement of filing documents electronically. Pro se parties must file documents conventionally, and any person appearing pro se may use electronic filing only with the permission of the assigned judge." Local R. 183(c). "The local rules exempt pro se parties from electronic filing for good reason." *Holland v. TD Ameritrade, Inc.*, 2010 WL 5233013 at *1 (E.D. Cal. December 16, 2010) (No. 2:10-cv-2110-GEB-CMK). The Court's decision to limit *pro se* litigants to filing in paper reflects the logistical problems of ensuring that the litigant

1

has both the necessary skills and technically appropriate equipment and software to meet the system's requirements. *Rojas-Vega v. U.S. Citizenship Immigration Service*, 2013 WL 2417937 at *3 (S.D. Cal. May 31, 2013) (No. 13-cv-172-LAB). The Southern District denied Rojas-Vega's request to file electronically since his description of his equipment and software was inadequate to allow the Court to determine whether the system was compatible with CM/ECF. *Id. Cf., Meyer v. Khoury*, 2012 WL 3877646 at *5 (N.D. Cal. September 6, 2012) (No. C 12-00734 WHA) (permitting Meyer to return to paper filing after she found electronic filing too difficult and expensive for a *pro se* litigant). Plaintiff in this case appears not even to have contemplated the question of the need for compatible hardware and software, or of the associated expense.

In addition to the practical requirements of sufficient technical skills and compatible equipment, the policy of requiring *pro se* litigants to file in paper is "to ensure that *pro se* documents are properly filed." *Hale v. Vacaville Housing Auth.*, 2009 WL 1381761 at *3 (E.D.Cal. May 13, 2009). The Court "require[s] pro se litigants to submit documents in paper form so that the Clerk's office can insure that the documents are properly filed." *Baker v. IC System, Inc.*, 2008 WL 4186166 at *1 (D.Ariz. September 9, 2008) (No. CV-08-8091-PCT-DGC). For example, a *pro se* litigant may be unaware of the impropriety of posting informal letters to the docket. *Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643 at *2 (N.D.Cal. October 31, 2008) (No. C 07-3884 PJH). In the course of filing and scanning the paper documents submitted by *pro se* litigants, personnel in the Clerk's office review the document's procedural sufficiency and propriety. Such screening is essential to the efficient and fair operation of a court with the extraordinary case load and limited budgetary resources of the Eastern District of California. The motion here includes no indication that Plaintiff is familiar with appropriate practices and procedures for electronic filing, or even that he has reviewed the information regarding electronic filing that is set forth on the Court's website.

In any event, the Court's filing deadlines are set with the intent to give every party sufficient time to prepare and file its documents. Waiting until the last minute, or even until the last day, is neither necessary nor advisable. Plaintiff, and all litigants, should strive to submit concise and direct

///

1 | pleadings and documents.  When good cause requires, of course, any litigant may request
2 | enlargement of time.
3 |      Plaintiff's request for permission to file electronically is made solely on the basis of his
4 | personal convenience and on his misperception that prevailing in his case is a matter of using every
5 | possible minute to prepare his documents.  If this were a sufficient basis to file electronically, all *pro*
6 | *se* litigants would require, and be permitted, access to CM/ECF.
7 |      Plaintiff's motion for permission to file electronically is DENIED.

IT IS SO ORDERED.

    Dated:   **December 18, 2013**          **/s/ Sandra M. Snyder**
                                                             UNITED STATES MAGISTRATE JUDGE