# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>       Plaintiff,<br><br>  v.<br><br>PATTERSON PD CHIEF TORI HUGHES, et al.,<br><br>       Defendants. | Case No. 1:13-CV-01980-LJO-SMS<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br><br>(Doc. 1) |

## SCREENING ORDER

Plaintiff Eugene E. Forte, proceeding *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983, alleges excessive force in executing an arrest and eighteen other counts against defendants City of Patterson, Patterson Police Department, Stanislaus County Sheriff's Department, Police Chief Tori Hughes, Deputy Chris Schwartz, and Stanislaus County Sheriff Adam Christianson.  The Court has screened the complaint and now dismisses it with leave to amend within thirty days.

### I.  Screening Requirement

The court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  *Landis v. North American Co.*, 299

1

U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In screening a complaint, the Court does not rule on the merits of the proposed action. Instead, it evaluates whether the complaint sets forth facts sufficient to render each claim cognizable. The screening process does not substitute for any subsequent Rule 12(b)(6) motion that a defendant may elect to bring later. *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1120 (S.D.Cal. 2007).

## II.    Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

> (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)    a short and plain statement of the claim showing the pleader is entitled to relief; and
>
> (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

### III.   **Factual Allegations**

Plaintiff is the publisher of the *Badger Flats Gazette*, a blog that reports on the corruption of judicial officers, public officials, and police officers. In 2003, Plaintiff ran for governor of California on a platform of exposing the corruption of political and judicial officials. Plaintiff has a long history of poor relations with officials in the City of Los Banos and in Merced County, California, where he and his family formerly lived. Believing that continued residence in Merced County was not safe, Plaintiff and his family moved in July 2010, to the City of Patterson, Stanislaus County, California.

Since 1998, the Stanislaus County Sheriff's Department has contracted to provide police services to Patterson. www.scsdonline/patterson/ (January 2, 2014). Defendant Tori Hughes is the Patterson Police Services Chief. Defendant Adam Christianson is the Stanislaus County Sheriff. The complaint identifies Defendant Christopher Schwartz as both a Patterson police officer and a

///

Stanislaus County Sheriff's deputy.  In the summer and fall of 2012, Plaintiff had multiple interactions with Defendant Hughes and a Patterson Police officer named Randy Watkins.

On December 3, 2012, Plaintiff unsuccessfully attempted to call the FBI in Fresno twelve times.  Each time, the receptionist hung up the phone when Plaintiff stated that he was recording the call.  Plaintiff then sought to file a complaint with the Patterson Police Department to report the FBI's misconduct.

When officers arrived at Plaintiff's home, they refused to agree to Plaintiff's recording their conversation with him, even when Plaintiff explained that recording was for their own protection.  Plaintiff also told the officers that he had been trying to reach Watkins and Defendant Hughes, but they had not responded to him.  Disclaiming any ability to compel a response from Watkins or Defendant Hughes, the officers walked away from Plaintiff's front porch.  According to the complaint, they were "laughing and mocking Plaintiff."  Doc. 1 at 8, ¶38.  When Plaintiff attempted to call them back, one office waved bye-bye like a child but did not turn back.

While driving with his wife that evening, Plaintiff saw a Patterson police car in front of him.  Knowing that Watkins frequently worked nights, Plaintiff flashed his headlights, asking the officer to stop.  When Plaintiff and Defendant Schwartz pulled over to speak at the curb, Plaintiff recalled that Defendant Schwartz had taken Plaintiff's report of threats made against Plaintiff, his family, and friends by a person from Monterey County.  Plaintiff audio-recorded Schwartz, and Mrs. Forte video-recorded the meeting on her cell phone.  According to the complaint, Schwartz was aware that he was being recorded.

Plaintiff asked Schwartz if he knew where Watkins was that night.  The complaint alleges that Schwartz replied "brashly" and "in a rude tone" that he did not know if Watkins was on duty, but asked if he could help.  Plaintiff explained that he had been leaving messages for Watkins but that Watkins had not called him back.  Schwartz said that since September 10, 2012, Watkins had been given specific instructions for dealing with any police report Forte made concerning Merced County.  As a result, Schwartz could not help Plaintiff, who would have to speak directly with Watkins.  The complaint continues:

///

45.  Deputy Schwartz said in an insulting, combative tone that he was "aware of all the nonsense[."]  The exchange continued with Schwartz becoming more insulting and mocking with Schwartz getting back into his patrol car while [Plaintiff] was still asking for Schwartz to explain what "nonsense" was he aware of.

46.  Schwartz then in rude tones of voice, and with prodding hyperboles told [Plaintiff] that he should understand why Chief Hughes and Deputy Watkins had not called back was not because they were not doing their job but because it was not a law enforcement matter.

47.  Schwartz told [Plaintiff] in a mocking voice that the FBI was not going to help him, the DA was not going to help him and they weren't going to help him. Schwartz told [Plaintiff] with prodding hyperbole that if [Plaintiff's] problem was with law enforcement, why did he keep coming back to them[?]

Doc. 1 at 9-10,  ¶¶ 45, 46 and 47.[1]

Plaintiff responded, "What would you want me to do?  Get a gun and shoot you guys?  I am certainly not going to do that!"  Doc. 1 at 10 ¶ 48.  At that remark, Schwartz swung open his door, knocking Plaintiff backward.  Plaintiff backed up six to ten feet and twice asked Schwartz why he had done that. Schwartz did not respond but grabbed for the recorder in Plaintiff's hand.  Plaintiff had already handed it off to his wife.  Schwartz pushed and pulled Plaintiff, who did not resist but attempted to avoid being injured.

Although Schwartz did not tell Plaintiff that he was under arrest, Schwartz told Plaintiff to put his hands behind his back to be handcuffed.  Schwartz did not respond to Plaintiff's questions about why he was being arrested.  When Plaintiff had been handcuffed, Schwartz pushed Plaintiff face first into the ground, jumped on Plaintiff's back, and slammed his elbow into Plaintiff's head.  Plaintiff continued to ask why he was being arrested.  Schwartz finally responded that Plaintiff could not threaten to shoot police officers.  Then, "[Plaintiff] was taken up off the ground and while standing in a neutral position, Schwartz then attacked [Plaintiff] by legging sweeping [*sic*] [Plaintiff]

///

---

[1] In the quoted material and elsewhere, Plaintiff uses a term, "prodding hyperbole," with which the Court is unfamiliar. In his amended complaint, Plaintiff is encouraged either to use a more easily understandable term or to define "prodding hyperbole."

backward so that he landed on his back." Doc. 1 at 11, ¶ 57.  During the course of the altercation, Watkins arrived, and an ambulance was called for Plaintiff.

Schwartz drove Plaintiff to Modesto Hospital, then to the county jail.  Instead of taking Plaintiff directly to the hospital, Schwartz drove over bumpy roads for an hour, intent on causing Plaintiff pain.

Throughout the trip, Schwartz verbally abused, harassed, and humiliated Plaintiff by saying things such as "You need to understand, we're the boss.  We're in charge"; "You and your family should move up in the mountains away from everybody, get out of Patterson"; and "Your kids wouldn't be so proud of you now seeing you in handcuffs."[2]  Doc. 1 at 11 ¶¶ 58 and 59.  Schwartz also told Plaintiff that, while Schwartz would be going home to a nice dinner, Plaintiff would be eating bologna sandwiches and drinking sour milk, and that Plaintiff would be in jail for a long time unless he was independently wealthy.  Schwartz's statements were intended to "provoke, demean, humiliate, harass and cause emotional distress."  Doc. 1 at 11 ¶ 61.  According to the complaint, they worked as intended: Plaintiff feared that Schwartz would stop the car and beat him again.

Upon arriving at the hospital, Schwartz allowed Plaintiff to trail behind him "seeming to taunt [Plaintiff] into 'making a break for it' so that Schwartz could have a reason to shoot [Plaintiff], or tase him." Doc. 1 at 12 ¶ 67.  Plaintiff suffered lumps on his head, lacerations on his arms and legs, back pain, and elevated blood pressure.[3]  His buttocks were bruised.  He had a sharp pain in his neck, and pain and paralysis from his left elbow to his left thumb.

Upon arrival at the county jail, Schwartz told Plaintiff he had been arrested for "felony stupid."  Doc. 1 at 11 ¶ 62.  Schwartz patted down Plaintiff, found the recorder that had been running for the entire trip to the jail, and removed its batteries.

---

[2] The complaint also alleges a comment regarding Plaintiff's burning his bra and panties in Berkeley.  In part because Plaintiff's handwritten corrections are illegible, the Court is uncertain of the content of that statement.
[3] The complaint adds that Plaintiff has had open heart surgery.  The allegation does not clearly indicate whether Plaintiff is alleging that he required open heart surgery as a result of his injuries or that he had open heart surgery on some prior date.

At booking, Plaintiff learned he had been arrested for threatening a public officer in violation of California Penal Code § 71.  Plaintiff was later released on $20,000 bail.  On February 5, 2013, Stanislaus District Attorney Birgit Fladager elected not to proceed with the prosecution of Plaintiff.

**IV.**   **Counts One, Two, Three, and Four: Excessive Force in Course of Arrest**

Plaintiff contends that by intentionally beating Plaintiff, Defendants Schwartz, Hughes, and Christianson violated his Fourth, Fifth, and Eighth Amendment rights.  Excessive force in the course of arrest implicates the Fourth Amendment to the U.S. Constitution, which governs citizens' rights in the course of searches and seizures.  The Fifth Amendment, which addresses due process, grand jury indictments, self-incrimination, double jeopardy, and just compensation for property seizures is not applicable here.  The Eighth Amendment, which addresses conditions of confinement, is also inapplicable.

Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures.  *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961).  An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense.  *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).  Each case is determined on its specific facts and circumstances.  *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996).  Those facts and circumstances will determine the Fourth Amendment's reach in a particular case.  *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means.  *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989).  A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Scott*, 550 U.S. at 381; *Graham v. Connor*, 490 U.S. 386, 388 (1989).  This means that the Court must consider whether the officer's actions were objectively reasonable in light of the facts and circumstances of

7

the arrest, without regard to their underlying intent or motivation. *Scott*, 550 U.S. at 381; *Graham*, 490 U.S. at 387. The reasonableness of the type of force used is evaluated from the perspective of an officer on the scene and must include allowance for the fact that police officers are often forced to make a split-second determination of the amount of force necessary to make the arrest. *Graham*, 490 U.S. at 387.

The complaint alleges facts sufficient to state a cognizable claim that Defendant Schwartz used excessive force in effecting his arrest of Plaintiff on December 3, 2012. None of the alleged facts support an excessive force claim against Hughes or Christianson, however.

Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that the defendant knew or reasonably should have known would cause the others to inflict constitutional injury on Plaintiff. A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between that defendant's actions and the claimed injury to Plaintiff. *May v. Enomoto*, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.

No facts alleged in the complaint link Hughes or Christianson to the beating coincident with Schwartz's arrest of Plaintiff. Accordingly, the complaint fails to state a Fourth Amendment claim for excessive force in effectuating an arrest against either Hughes or Christianson.

The difference between counts one and two is that count one requests compensatory damages and count two requests exemplary damages.  "A plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations."  *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988).  Compensatory damages include the plaintiff's actual losses, mental anguish and humiliation, impairment of reputation, and out-of-pocket losses.  *Id.* at 1389; *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987); *Chalmers v. City of Los Angeles*, 762 F.2d 753, 760-61 (9th Cir. 1985).  "[D]amages in § 1983 actions are not to be assessed on the basis of the abstract 'value' or 'importance' of the infringed constitutional right."  *Sloman v. Tadlock*, 21 F.3d 1462, 1472 (9th Cir. 1994).

Punitive (exemplary) damages are also available under § 1983.  *See Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 17 (1991); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 13 (1985); *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005); *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993), *cert. dismissed*, 510 U.S. 1033 (1994); *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 577 n. 21 (9th Cir. 1984), *cert. denied*, 471 U.S. 1054 (1985).  Punitive damages are awarded in the jury's discretion.  *See Smith v. Wade*, 461 U.S. 30, 54 (1983); *Woods v. Graphic Communications*, 925 F.2d 1195, 1206 (9th Cir. 1991).

Both counts one and two state cognizable claims for excessive force in violation of the Fourth Amendment.  These may move forward against Defendant Schwartz. The Court will dismiss counts one and two against Defendants Hughes and Christianson but grants Plaintiff leave to amend the complaint to allege facts linking Hughes and Christianson if such facts exist.

Counts three and four seek to distinguish Plaintiff's constitutional claims from statutory claims for violation of civil rights.  Statutory claims based on 42 U.S.C. § 1983 necessary depend on violations of specific provisions of the United States Constitution.  As such, claims three and four simply restate, albeit in different language, the civil rights claims set forth in claims one and two.

Although the Court acknowledges that Plaintiff may have intended to allege a violation of a statutory provision other than § 1983, the complaint does not identify any other statute.  Accordingly, the Court will dismisses counts three and four with leave to amend to identify the statutory basis for the claim and to allege specific facts sufficient to establish the elements of a claim under such other statute.

## V.   Counts Five, Twelve (in part), and Seventeen: Inadequate Training and Supervision

In count five, Plaintiff alleges that City of Patterson, Patterson Police Department, Stanislaus County Sheriff's Department, and Christianson engaged in a policy or practice of authorizing certain officers to employ excessive force in the course of arrests, including those arrests that lacked probable cause.  Despite the language of the claim. however, count five does not name the City of Patterson, Patterson Police Department, or the Stanislaus County Sheriff's Department as defendants against whom this claim is brought, but names only Schwartz, Hughes, and Christianson.  The Court interprets claim five to be one alleging supervisory liability for Schwartz's use of excessive force; however, alleging that Schwartz had supervisory liability for his own acts makes no sense.  To the extent that Plaintiff did not intend claim five to allege supervisory liability against Schwartz, Hughes, and Christianson, the allegations of the amended complaint must more clearly set forth the nature of claim five and its factual basis.

The complaint separately sets forth allegations of *respondeat superior* liability against Defendants City of Patterson, Patterson Police Department, and the Stanislaus County Sheriff's Department in count twelve.  In count twelve, Plaintiff alleges, among other things, that Defendants City of Patterson, Patterson Police Department, or the Stanislaus County Sheriff's Department knew of its officers' propensity to use excessive force and acquiesced in the officers' behavior.  Claim twelve sets forth simply the legal conclusion, however, without alleging any factual basis.

///

///

10

In count seventeen, Plaintiff alleges that Defendants City of Patterson, Patterson Police Department, and the Stanislaus County Sheriff's Department failed to provide adequate training and supervision to its officers, entitling Plaintiff to exemplary damages.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory (*respondeat superior*) liability, a plaintiff must allege facts indicating (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation. *Plumeau v. School District No. 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiffs bear the burden of proof and must identify facts that would allow the court to conclude that the municipality had such a policy or practice. *Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997).

Inadequate training may qualify as a constitutional violation under § 1983 if it is sufficiently inadequate to constitute "deliberate indifference" to the rights of persons with whom the police come in contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 380 (1989). A municipality is deliberately indifferent when "the need for more or different training is so obvious, and the inadequacy [of current procedure] so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 396.

For a municipality to be liable under § 1983, a plaintiff must allege facts showing either that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or

that the discriminatory governmental practices are so persistent and widespread as to constitute custom or usage with the force of law.  *Monell*, 436 U.S. at 690-91.  "To state a claim under *Monell*, a party must identify the challenged policy or custom, explain how it was deficient, explain how it caused the plaintiff harm, and reflect how it "amounted to deliberate indifference, i.e. [,] explain . . . how . . . the deficiency involved was obvious and the constitutional injury was likely to occur.'" *Jarreau-Griffin v. City of Vallejo*, 2013 WL 6423379 at * 5 (E.D.Cal. December 9, 2013) (No. 2:12-cv-02979-KJM-KJN), *quoting Young v. City of Visalia*, 687 F.Supp.2d 1141, 1149 (E.D.Cal. 2009). Plaintiff must allege "sufficient . . . . underlying facts to give fair notice and to enable the opposing party to defend itself adequately." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).  The allegations may not simply recite the elements for *Monell* liability without alleging the specific facts of the particular claim being alleged.  *Jarreau-Griffin*, 2013 WL 6423379 at *6.

The allegations in counts five, twelve (in part), and seventeen are totally devoid of any factual allegations to support the alleged legal conclusions.  As a result, counts five, twelve (in part), and seventeen fail to state cognizable claims.   In preparing his amended complaint, Plaintiff may find the discussions of inadequate pleadings in cases such as *Turner* and *Jarreau-Griffin* to provide helpful guidance.  Plaintiff is reminded that his personal opinion is not sufficient; the complaint must set forth facts sufficient to support his legal conclusion.

## VI.   Count Six: Conspiracy

In a single conclusory paragraph, Plaintiff alleges that Defendants Schwartz, Hughes, and Christianson conspired to violate his civil rights.  Because of Plaintiff's failure to allege facts establishing the elements of conspiracy, count six does not state a cognizable claim and must be dismissed.

To prevail on a conspiracy claim under California law, a plaintiff must show (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant to the conspiracy, and (3) the damage resulting from the act or acts.  *Wasco Products, Inc. v. Southwall*

*Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir.), *cert. denied*, 549 U.S. 817 (2006).  In the context of claims brought under § 1983, the complaint must allege material facts that show an agreement among the alleged conspirators to deprive the party of his or her civil rights.  *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).

A conspiracy claim brought under §1983 requires proof of "'an agreement or 'meeting of the minds' to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002), *quoting United Steel Workers of Amer. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.), *cert. denied*, 493 U.S. 809 (1989) (*citation omitted*), as well as an "actual deprivation of constitutional rights resulting from the alleged conspiracy."  *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), *quoting Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441, *quoting United Steel Workers*, 865 F.2d at 1541.

To state a cognizable claim of conspiracy, Plaintiff must allege factual evidence that the Schwartz, Hughes, and Christenson conspired to violate his civil rights.  Although the complaint alleges that Schwartz stated that Watkins had been given "specific instructions as to how to deal with [Plaintiff]," nothing in the complaint indicates that those instructions contemplated any violation of Plaintiff's civil rights.  If Plaintiff elects to amend claim six, as this order permits him to do, he must include factual allegations to support his conclusion that those instructions contemplated violation of his civil rights as well as facts indicating a common agreement between Schwartz, Hughes, and Christianson.

## VII.   State Claims

In counts seven through sixteen, and eighteen, Plaintiff alleges various claims under California state law.  Section 1983 does not provide a cause of action for violations of state law.  *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007)*; Galen v. County of Los Angeles*, 477 F.3d

652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.,* 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).  Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).

"[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).  If, in the course of its litigation, the complaint fails to allege any cognizable federal claims, the Court is likely to dismiss the case for lack of federal jurisdiction.

### A.    California Tort Claims Act

As a condition precedent to filing tort claims against government entities, officials, or employees, a plaintiff must comply with the notice provisions of the California Tort Claims Act (California Government Code § 945, *et seq.*), which requires the timely presentation of a written claim.  A plaintiff may not pursue a tort claim against such defendants in a civil action without alleging his or her compliance with the notice requirements. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  The complaint alleges (Doc. 1 at 3 ¶11)  that plaintiff filed a claim in March 2013 but does not allege that the claim encompassed the many torts and defendants

14

alleged in this complaint.  If Plaintiff elects to amend his complaint, as this order permits him to do, he must supplement his allegation of compliance to state specifically each claim for which the claim was made and each defendant against whom each claim was made.

**B.**        **Counts Seven and Eight: Assault and Battery**

In counts seven and eight, the complaint alleges that through the beating and verbal abuse incident to Plaintiff's arrest, Defendants Schwartz, Hughes, and Christianson committed assault and battery.  Count seven seeks compensatory damages; count eight seeks exemplary damages.

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another."  Cal. Penal Code §§ 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).  To allege a cognizable assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm.  *Tekle v. U.S.,* 511 F.3d 839, 855 (9th Cir. 2007) (*citation omitted*).  For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff.  *Id.* (*citation and quotations omitted*).

A law enforcement officer "may use reasonable force to make an arrest, prevent escape or overcome resistance, and need not desist in the face of resistance."  *Brown v. Ransweiler*, 171 Cal.App.4th 516, 526-27 (2009).  In a claim of battery against an officer, a plaintiff must show that the officer used unreasonable force.  *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272 (1998).

Since the claim against Defendant Schwartz for violating the 4th Amendment by using excessive force in the course of arrest is cognizable, the battery claim against him is also cognizable.

15

Because the complaint includes no factual allegations that Schwartz threatened harm to Plaintiff, the assault claim against Schwartz is not cognizable.  Because the complaint alleges no facts to support claims of assault or battery against Hughes or Christianson, those claims are not cognizable.

### C.        Counts Nine and Ten: Intentional Infliction of Emotional Distress

In counts nine and ten, Plaintiff alleges that through the beating and verbal abuse incident to his arrest, Defendants Schwartz, Hughes, and Christianson intentionally inflicted emotional distress on Plaintiff.  Count nine seeks compensatory damages; count ten seeks exemplary damages.

As was the case for prior claims, the complaint includes no factual allegations that Hughes or Christianson participated in the beating and verbal abuse of Plaintiff incident to his arrest on December 3, 2012.  Accordingly, counts nine and ten do not state cognizable claims against Hughes or Christianson.

To state a cognizable claim for intentional infliction of emotional distress, a plaintiff must allege facts supporting the following elements: (1) the defendant engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard for the probability of causing, emotional distress; (2) the plaintiff suffered extreme or severe emotional distress; and (3) the defendant's extreme and outrageous conduct was the actual and proximate cause of the plaintiff's extreme or severe emotional distress.  *Yun Hee So v. Sook Ja Shin*, 212 Cal.App.4[th] 652, 671 (2013).

"Outrageous conduct" is conduct that is intentional or reckless and so extreme as to exceed "all bounds of decency in a civilized community."  *Id.*  "Where reasonable persons may differ, the trier of fact is to determine whether the conduct has been sufficiently extreme and outrageous to result in liability."  *Tekle*, 511 F.3d at 855.  When an officer's actions incident to the plaintiff's arrest are reasonable as a matter of law, the plaintiff cannot establish that the officer engaged in extreme or outrageous conduct.  *Long v. City and County of Honolulu*, 511 F.3d 901, 908 (9th Cir. 2007), *cert. denied*, 555 U.S. 816 (2008).  *See also Mejia v. City of San Bernardino*, 2012 WL 1079341 at * 13 (C.D.Cal. March 30, 2012) (No.  EDCV 11-00452 VAP).

"Generally, a plaintiff may not recover for intentional infliction of emotional distress unless the distress suffered has been extreme." *Hailey v. California Physicians'* Service, 158 Cal.App.4[th] 452, 476 (2007).  Severe distress is emotional distress that is "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id. See, e.g., Lawler v. Montblanc North America LLC*, 704 F.3d 1235, 1246 (9th Cir. 2013) (holding that allegations of anxiety, sleeplessness, upset stomach, and occasional muscle twitches were not sufficient to establish severe emotional distress); *Hughes v. Pair*, 46 Cal.4[th] 1035, 1051 (2009) (allegations of discomfort, worry, anxiety, upset stomach, concern, and agitation insufficient); *Wong v. Tai Jing*, 189 Cal.App.4[th] 1354, 1376 (2010) (allegations of emotional upset, lost sleep, stomach upset, and general anxiety insufficient); *Saari v. Jongordon Corp.*, 5 Cal.App.4[th] 797, 806-07 (1992) (complete disruption of life and diagnosis of depression sufficient); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal.App.4[th] 397, 410 (1994) (anxiety, chest tightness, heart palpitations, panic attacks, depression, insomnia, and diagnosis of post-traumatic stress disorder sufficient); *Bass v. City of Fremont*, 2013 WL 891090 at * 7 (N.D.Cal. March 8, 2013) (No. C12-4943 THE) (allegations of severe emotional and mental stress, fear, terror, anxiety, humiliation, embarrassment, anger, indignity, loss of freedom, and sense of helplessness insufficient); *Campbell v. Feld Entertainment Inc.*, 2013 WL 5513218 at *12 (N.D.Cal. October 4, 2013) (Nos. 12-cv-4233-LHK and 13-cv-0233-LHK) (allegations of lasting severe stress, anxiety, depression, and loss of sleep insufficient).  In this case, the complaint fails to allege specific facts describing the emotional distress that Plaintiff experienced as a result of his arrest, stating only that he was humiliated and suffered mental cruelty.

Conclusory allegations that a plaintiff suffered severe emotional distress are insufficient to state a cognizable claim.  *See Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1191-92 (S.D.Cal. 2010).  To state a cognizable claim, the complaint must include factual allegations describing the nature of the severe emotional distress that the plaintiff is alleged to have experienced.  *Harvey G.*

*Ottovich Revocable Living Trust Dated May 12, 2006 v. Washington Mutual, Inc.*, 2010 WL 3769459 at *6 (N.D.Cal. September 22, 2010) (No. C 10-02843 WHA).

### D.   Counts Eleven, Twelve (in part), Fifteen, and Sixteen: *Respondeat Superior* Liability

In counts eleven and twelve, Plaintiff alleges that Defendants City of Patterson, Patterson Police Department, and the Stanislaus County Sheriff's Department are liable for the intentional torts of Defendants Schwartz, Hughes, and Christianson.  In counts fifteen and sixteen, Plaintiff alleges that Defendants City of Patterson, Patterson Police Department, and the Stanislaus County Sheriff's Department are liable for compensatory damages to Plaintiff under the theory of *respondeat superior* for the negligence of Defendants Schwartz, Hughes, and Christianson.[4]

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." California Government Code § 815.2(a).  Since this screening has determined that several of Plaintiff's state tort claims against Defendant Schwartz are cognizable, the vicarious liability claims against these public entities may proceed with regard to those claims.  *Bass*, 2013 WL 891090 at * 8.

### E.   Counts Thirteen and Fourteen: Negligence

In counts thirteen and fourteen, Plaintiff alleges that Defendants Schwartz, Hughes, and Christianson acted negligently in using excessive force when arresting Plaintiff.  Count thirteen seeks compensatory damages; count fourteen seeks exemplary damages.

As was the case for prior claims, the complaint includes no factual allegations that Hughes or Christianson participated in Plaintiff's arrest.  Accordingly, neither Hughes nor Christianson could have acted negligently in the course of Plaintiff's arrest.  Counts thirteen and fourteen do not state cognizable claims against Hughes or Christianson.

---

[4] If Plaintiff elects to amend this complaint, he may wish to correct the heading of count fifteen, which indicates that the relevant defendants are Schwartz, Hughes, and Christianson.

Under California law, the elements of negligence are (1) a legal duty to use due care; (2) a breach of that legal duty; and (3) the breach as the proximate or legal cause of the resulting injury. *Evan F. v. Hughson United Methodist Church*, 8 Cal.App.4th 828, 834 (1992).  Whether Defendant Schwartz breached a legal duty to use different tactics or less force in arresting Plaintiff requires the same analysis as determining whether his actions were reasonable for Fourth Amendment purposes. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 513 (2009).  *See also Robinson v. Solano County*, 278 F.3d 1007, 1016 (9th Cir. 2002).  Thus, Plaintiff also states a cognizable claim against Schwartz for negligence in the use of excessive force in Plaintiff's arrest.

### F.        Count Eighteen (in part): Malicious Abuse of Process

In count eighteen, among other allegations, Plaintiff alleges that Defendants Schwartz, Hughes, and Christianson maliciously abused process to intimidate Plaintiff, to cover up their own wrongdoing, and to avoid civil and criminal liability.  Because "malicious abuse of process" is not a recognized cause of action, the Court is not certain whether Plaintiff intended to alleged malicious prosecution or abuse of process, both of which are recognized torts.

Abuse of process occurs when a defendant misuses or misapplies process to accomplish an objective for which it was intended.  *Garcia v. City of Merced*, 637 F.Supp.2d 731, 750 (E.D.Cal. 2008).  Under California law, a plaintiff bringing an abuse of process claim must show the defendant "(1) contemplated an ulterior motive in using the judicial process, and (2) committed a 'willful act in the use of th[at] process not proper in the regular conduct of the proceedings.'"  *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1037 (9th Cir.), *cert. denied*, 555 U.S. 827 (2008), *quoting Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1159 (1986).  An abuse of process claim "requires misuse of *judicial* process."  *Estate of Tucker*, 515 F.3d at 1037, *quoting Stolz v. Wong Communications Ltd. Prtnrshp*, 25 Cal.App.4th 1811, 1822 (1994).

In contrast, California law requires a plaintiff claiming malicious prosecution to establish that "the prior action (1) was commenced by or at the direction of the defendant and was pursued to legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871 (1989) (*internal quotations omitted*).  A plaintiff may not simply allege a conclusion of malice but allege facts supporting its existence.

Whichever tort Plaintiff intended, California law provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." California Government Code § 821.6.  *See also Scannell v. County of Riverside*, 152 Cal.App.3d 596 (1984).  If an officer is immune from a claim of malicious prosecution or abuse of process, his employer is also immune.  California Government Code § 815.2(d).  Since the named defendants are immune, the claim of malicious prosecution set forth in count 18 is not cognizable.

**G.**     **Count Eighteen (in part): False Arrest or False Imprisonment**

In count eighteen, among other allegations, Plaintiff alleges that Defendants Schwartz, Hughes, and Christianson falsely arrested and falsely imprisoned Plaintiff.

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'"  *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998), *quoting Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997).  False arrest is not a different tort.  *Martinez*, 141 F.3d at 1379.  Rather, "'it is merely one way of committing a false imprisonment.'"  *Id.*  In California, an officer typically cannot be held liable for false imprisonment if he or she acted within the scope of employment and had "reasonable cause to believe the arrest was lawful."  California Penal Code § 847(b).

"There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer."  *Estate of*

*Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'"  *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011), *quoting Easton v. Sutter Coast Hosp.*, 80 Cal.App.4th 485, 496 (2000).

Nothing in the complaint links Defendants Hughes and Christianson to Plaintiff's arrest or imprisonment.  According to the facts, only Schwartz arrested Plaintiff and transported him to the County Jail, at which point Plaintiff remained in custody until bail was set by judicial process.  In the absence of any factual allegations linking Hughes or Christianson to Plaintiff's arrest and detention, the complaint fails to state a cognizable claim against either.

The complaint adequately alleges facts establishing that Schwartz intentionally confined Plaintiff, without Plaintiff's consent, for an appreciable amount of time.  The remaining element is that the arrest and confinement had to occur without lawful privilege.  The facts alleged in the complaint indicate that Plaintiff and Schwartz had an uneventful conversation until Plaintiff referred to a potential need to shoot police officers to make his point (apparently, FBI corruption).  At that time, Schwartz initiated an arrest for threatening a public officer.  California Penal Code § 71. Plaintiff denies that he violated section 71, noting that the district attorney later ultimately did not prosecute.

Although the issue of lawful privilege is likely to be disputed as this case proceeds, Plaintiff has stated a cognizable claim of false imprisonment or false arrest under California law against Defendant Schwartz.

### H.     Count Nineteen: Denial of Medical Treatment

In count nineteen, Plaintiff alleges that Defendants Schwartz, Hughes, and Christianson deliberately denied him medical treatment.  This claim is inconsistent with the complaints' factual allegation that following the arrest, an ambulance was called to the scene of the arrest but that Defendant Schwartz transported Plaintiff to Modesto Hospital before taking him to the Stanislaus

County Jail.  In the absence of any other factual allegations that Plaintiff was denied medical attention, count nineteen is not cognizable.

**VIII.   <u>Conclusion and Order</u>**

As discussed above and summarized in the order below, only certain counts within Plaintiff's complaint state cognizable claims and those claims are presently cognizable against less that all defendants named by Plaintiff as liable under those claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only with those counts found to be cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal from this action of all claims found not cognizable.  The Court will then forward to Plaintiff the necessary summonses and USM-285 forms for completion and return.  Upon receipt of the completed forms, the Court will direct the United States Marshal to initiate service of process on the appropriate defendants.

If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supersedes the original complaint and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 15-220.  Plaintiff is warned that all causes of action alleged in an original complaint which are not alleged in an amended complaint will be deemed waived.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Counts one and two, alleging a § 1983 claim of the use of excessive force in the course of arrest in violation of the Fourth Amendment, state a cognizable claim against Defendant Schwartz;

2.  Counts one and two, alleging a § 1983 claim of the use of excessive force in the course of arrest in violation of the Fourth Amendment, do not state cognizable claims against Defendants Hughes and Christianson, and are dismissed with leave to amend;

3.  Counts three and four, alleging claims under an unidentified statute other than § 1983 for the use of excessive force in the course of arrest, fail to state a cognizable claim against any Defendant and are dismissed with leave to amend;

4.  Counts five, twelve (in part), and seventeen, alleging § 1983 claims of inadequate training and supervision, fail to state a cognizable claim against any Defendant and are dismissed with leave to amend;

5.  Count six, alleging conspiracy to violate Plaintiff's civil rights under § 1983 or California law or both, fails to state a cognizable claim against any Defendant and is dismissed with leave to amend;

6.  Counts seven and eight, alleging assault and battery under California law, state cognizable claims against Defendant Schwartz;

7.  Counts seven and eight, alleging assault and battery under California law, do not state cognizable claims against Defendants Hughes and Christianson, and are dismissed with leave to amend;

8.  Counts nine and ten, alleging intentional infliction of emotional distress under California law, fail to state a cognizable claim against any Defendant and are dismissed with leave to amend;

9.  Counts eleven, twelve (in part), fifteen, and sixteen, alleging *respondeat superior* liability against Defendants City of Patterson, Patterson Police Department, and Stanislaus County Sheriff's Department, are cognizable only with regard to any cognizable tort claims under California law that shall proceed against Defendant Schwartz;

23

10. Counts thirteen and fourteen, alleging negligence in the course of arrest, state a cognizable claim against Defendant Schwartz;

11. Counts thirteen and fourteen, alleging negligence in the course of arrest, do not state cognizable claims against Defendants Hughes and Christianson, and are dismissed with leave to amend;

12. Count eighteen (in part), alleging malicious abuse of process, is not cognizable because Defendants Schwartz, Hughes, and Christianson are immune from liability pursuant to California Government Code §§ 815.2(d) and 821.6, and is dismissed with prejudice;

13. Count eighteen (in part), alleging false arrest or false imprisonment, states a cognizable claim against Defendant Schwartz;

14. Count eighteen (in part), alleging false arrest or false imprisonment, does not state cognizable claims against Defendants Hughes and Christianson, and is dismissed with leave to amend;

15. Count nineteen, alleging denial of medical treatment, fails to state a cognizable claim against any Defendant and is dismissed with leave to amend;

16. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Schwartz on counts one, two, seven, eight, thirteen, fourteen, and eighteen (in part, false arrest or false imprisonment), and against Defendants City of Patterson, Patterson Police Department, and Stanislaus County Sheriff's Department on counts eleven, twelve (in part), fifteen, and sixteen; and

1   17.        If Plaintiff fails to comply with this order, this action will be dismissed

2   without prejudice for failure to obey a Court order.

3

4

5

6

7   IT IS SO ORDERED.

8   Dated:   **January 9, 2014**                      **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28