# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PATTERSON PD CHIEF TORI HUGHES, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01980-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 7) |

Plaintiff Eugene Forte seeks reconsideration of the Court's order denying him authorization to file electronically using the CM/ECF system.

On December 6, 2013, Plaintiff moved for permission to participate in electronic court filing, arguing that electronic filing was cheaper and that denying him electronic access to documents as they are filed is prejudicial and disadvantageous. Plaintiff added that he had previously filed electronically without incident. On December 18, 2013, focusing on Plaintiff's initial arguments of fairness and cost, the Magistrate Judge denied Plaintiff's motion. Plaintiff now argues that the Magistrate Judge erred by failing to consider Plaintiff's reports of his prior successful experience in filing his documents electronically.

The Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(a); F.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing

1

court on the *entire evidence* is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (*emphasis added*).

In this district, *pro se* parties are presumed to file documents in paper. Loc.R. 133(b)(2); 183(c). Pursuant to the Local Rules, a *pro se* party may not file electronically without the permission of the assigned District Judge or Magistrate Judge. *Id.* The Magistrate Judge denied Plaintiff permission to file electronically in this case. Although Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion in case management decisions and should not be overruled absent a showing of clear abuse of discretion. *See, e.g., Anderson v. Equifax Info. Services LLC*, 2007 WL 2412249 at *1 (D.Or. Aug. 20, 2007) (No. CV 05-1741-ST). The Magistrate Judge's decision is not contrary to the assigned judge's discretion concerning *pro se* litigants and allowing them to utilize CM/ECF. Nor was the Magistrate Judge's discretionary decision clear error when considered in light of the entire record in this case. *See, e.g., Reddy v. Precyse Solutions LLC*, 2013 WL 2603413 at *3 (E.D.Cal. June 11, 2013) (No. 1:12-cv-2061-AWI-SAB).

Plaintiff's request for reconsideration of the Magistrate Judge's order is hereby DENIED.

IT IS SO ORDERED.

Dated:  **January 22, 2014**           **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE