# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PATTERSON PD CHIEF TORI HUGHES, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01980-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 12, in part) |

Plaintiff Eugene Forte, proceeding *pro se* and *in forma pauperis*, has filed a motion in which he both objects to the initial screening of his complaint and requests appointment of counsel. In an *ex parte* communication with the Court, Plaintiff has indicated that he has postponed action with regard to other cases pending before this Court until it appoints counsel for him. Accordingly, this order addresses Plaintiff's motion for appointment of counsel separately from the balance of his motion regarding the screening of his complaint, which will be addressed by a separate order in the ordinary course of the Court's business.

Generally, a person has no right to counsel in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In exceptional circumstances, a court may request counsel to voluntarily assist any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Without a reasonable method of securing and compensating counsel, however, the Court will seek volunteer counsel in only the most

1

serious and exceptional cases. *Agyeman v. Corrections Corp. of Amer.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005).

To determine whether exceptional circumstances exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Because neither element is dispositive, a court must consider both factors. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In the absence of exceptional circumstances, a court does not abuse its discretion in declining to appoint counsel for an indigent civil litigant. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

As is the case with every litigant, Plaintiff's case is important to him. That is not the measure of an exceptional case. Numerous cases alleging the use of excessive force are filed in this Court annually. Objectively evaluated, Plaintiff's case is no different from those cases. Nor is its success more or less likely than those similar cases. Further, as Plaintiff himself would admit, his extensive litigation experience, higher education, and experience as a businessman render him far more able to articulate his case than the average *pro se* litigant. Accordingly, the Court does not find exceptional circumstances requiring appointment of counsel.

Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2014**          **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE

2