1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>        Plaintiff,<br><br>   v.<br><br>PATTERSON POLICE SERVICES/ STANISLAUS COUNTY DEPUTY CHIEF TORI HUGHES, STANISLAUS COUNTY DEPUTY CHRIS SCHWARTZ, and STANISLAUS COUNTY SHERIFF ADAM CHRISTIANSON, in their public and individual capacity; PATTERSON POLICE SERVICES; PATTERSON COUNTY SHERIFF'S DEPARTMENT; CITY OF PATTERSON;  PATTERSON POLICE SERVICES, et al., and DOES 1-100,<br><br>        Defendants. | Case No. 1:13-cv-01980-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO REVOKE HIS PRIOR REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br><br><br><br><br>Doc. 24 |

21
22
23
24
25
26
27
28

In a transparent attempt to circumvent the screening of his first amended complaint that resulted in the dismissal of multiple uncognizable claims and certain defendants from this action, Plaintiff Eugene Forte moves to revoke his *in forma pauperis* status and to pay the filing fee in a series of installments.  Plaintiff claims that he "does not want to deplete the court's judicial resources."  In light of Plaintiff's repeated disrespectful rhetoric in this matter, the Court finds Plaintiff's stated reason for revoking his request to proceed *in forma pauperis* to be not credible.  In

1

fact, the Court finds Plaintiff's motion to be manipulative and a thinly veiled attempt to circumvent the Court's "inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties." *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  Plaintiff is admonished that any further attempts to circumvent the Court's authority shall result in an order to show cause why sanctions should not be imposed pursuant to F.R.Civ.P. 11.   "By presenting to the court a pleading, written motion, or paper . . . . [an] unrepresented party certifies to the best of the person's knowledge, information, and belief . . . . (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." F.R.Civ.P. 11(b).  Violators of F.R.Civ.P. 11(b) are subject to monetary and nonmonetary sanctions.  F.R.Civ.P. 11(c).

Plaintiff's motion to revoke the Court's prior order granting his request to proceed without payment of the filing fee for this case (*in forma pauperis*) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **July 30, 2014**                              **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE