# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PATTERSON POLICE SERVICES/ STANISLAUS COUNTY DEPUTY CHIEF TORI HUGHES, STANISLAUS COUNTY DEPUTY CHRIS SCHWARTZ, and STANISLAUS COUNTY SHERIFF ADAM CHRISTIANSON, in their public and individual capacity; PATTERSON POLICE SERVICES; PATTERSON COUNTY SHERIFF'S DEPARTMENT; CITY OF PATTERSON;  PATTERSON POLICE SERVICES, et al., and DOES 1-100,<br><br>　　　　　　　Defendants. | Case No. 1:13-cv-01980-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S REQUEST TO REOPEN THE PERIOD IN WHICH TO OBJECT TO FINDINGS AND RECOMMENDATIONS<br><br><br><br><br><br><br><br><br><br>Doc. 25 |

On June 27, 2014, the Magistrate Judge filed findings and recommendations in which she found that many of the claims within the first amended complaint remained unsupported by facts and were not cognizable, either as a whole or with reference to specific defendants.  Accordingly, the findings and recommendations recommended that the Court dismiss certain claims.  The findings and recommendations provided that Plaintiff could file written objections within fourteen days of being served with a copy of the findings and recommendations.  On June 27, 2014, the

1

Clerk of Court mailed a copy of the findings and recommendations to Plaintiff at his last address of record in this case. Plaintiff's having filed no objections, eighteen days later, on July 16, 2014, the District Judge entered an order adopting the findings and recommendations.

On July 21, 2014, Plaintiff moved for an extension of time to file unspecified objections. On July 22, 2014, the Magistrate Judge denied Plaintiff's untimely motion to reopen the objections period, finding the alleged delay in Plaintiff's receiving the findings and recommendations attributable to Plaintiff's own failure to file a notice of change of address in this case. *See* Doc. 22. The Court added that since Plaintiff had previously received correspondence in this case that the Court had mailed to his former address, he was on notice that his new address was not on record.

Ignoring entirely the legal and factual basis for the Magistrate Judge's denial of his first motion to re-open the objections period, Plaintiff now moves for reconsideration, alleging "(1) Mistake, inadvertence, surprise or excusable neglect on the part of plaintiff, the U.S. Post Office, and/or the court," pursuant to F.R.Civ.P. 60(b)(1), and "(2) The need to prevent manifest injustice," pursuant to F.R.Civ.P. 60(b)(6). Doc. 25 at 2.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 948 (C.D.Cal. 1996). "[T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes of its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). A motion for reconsideration is not a vehicle by

which a party may rehash arguments and facts that the court has already considered in making the original ruling. *Rodriguez v. SGLC Inc.*, 2013 WL 6844549 (E.D. Cal. December 24, 2013) (No. 2:08-cv-01971-MCE-KJN). "A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).

Plaintiff's reconsideration motion presents neither facts nor law sufficient to induce the Court to reverse its July 22, 2014 denial of Plaintiff's first motion to reopen the objections period. In fact, the new motion does nothing more than recast the argument previously made to the Magistrate Judge.

Reconsideration is appropriate only if the district court is presented with newly discovered evidence or has committed clear error, or if there is an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). The motion before the Court does not meet these criteria. Plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated:   **August 3, 2014**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

3