**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. FORTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PATTERSON POLICE SERVICES/ STANISLAUS COUNTY DEPUTY CHIEF TORI HUGHES, STANISLAUS COUNTY DEPUTY CHRIS SCHWARTZ, and STANISLAUS COUNTY SHERIFF ADAM CHRISTIANSON, in their public and individual capacity; PATTERSON POLICE SERVICES; PATTERSON COUNTY SHERIFF'S DEPARTMENT; CITY OF PATTERSON; PATTERSON POLICE SERVICES, et al., and DOES 1-100,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01980-LJO-SMS<br><br>ORDER DISMISSING STATE TORT CLAIMS (Counts 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, AND 18)<br><br><br><br><br><br><br><br><br><br><br><br>Doc. 37 |

Defendants Patterson Police Department, Timothy Schwartz,[1] and the Stanislaus County Sheriff's Department move to dismiss counts 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18. Defendants contend that, because Plaintiff filed his complaint more than six months after his claim under the California Government Claims Act ("CGCA") was rejected, the statute of limitation bars

---

[1] The complaint erroneously named police officer Timothy Schwartz as Chris Schwartz.

1

the state tort claims.  Plaintiff responds that since the Court did not address the statute of limitations in its screening of the complaint, Defendants cannot prevail.

## I. Relevant Procedural and Factual Background

The amended complaint seeks damages arising from an unlawful stop and assault of Plaintiff on December 3, 2012.  Plaintiff filed a claim against Stanislaus County on March 1, 2013.  Doc. 40 at 9.  Plaintiff concedes that the County rejected the claim on April 4, 2013.  Doc. 40 at 2.  On December 3, 2013, Plaintiff, proceeding *pro se*, filed the complaint in the U.S. District Court for the Eastern District of California.

## II. Motion to Dismiss Not Barred by Screening Orders

Plaintiff argues that the Court need not even consider Defendants' motion since the Court failed to apply the statute of limitation in its screening order. Despite full disclosure in the screening orders, Plaintiff misunderstands the screening process.

The Court issued its first screening order on January 10, 2014. The order stated:

> In screening a complaint, the Court does not rule on the merits of the proposed action.  Instead, it evaluates whether the complaint sets forth facts sufficient to render each claim cognizable.  The screening process does not substitute for any subsequent Rule 12(b)(6) motion that a defendant may elect to bring later. *Teahan v. Wilhelm*, 481 F.Supp.2d 115, 1120 (S.D.Cal. 2007).

Doc. 6 at 2.

The Court also noted that the complaint did not fully allege compliance with the provisions of the California Tort Claims Act (California Government Code §§ 945, *et seq.*).  Doc. 6 at 14-15.

In response to the first screening order, Plaintiff filed the first amended complaint on February 11, 2014.  On June 27, 2014, after it had screened the first amended complaint, the Magistrate Judge issued findings and recommendations recommending the dismissal of certain claims and defendants.  The findings and recommendations again disclosed that the screening did

not substitute for any motion that a defendant might later make pursuant to F.R.Civ.P. 12(b)(6). Doc. 15 at 2. The findings and recommendations also provided:

> The original complaint alleged that [P]laintiff filed a claim in March 2013 but did not allege the scope or nature of the claim. Although the order screening the original complaint directed Plaintiff to allege more fully the nature and scope of the state tort claim filed, the first amended complaint appears to omit totally any reference to it. Plaintiff is advised that if one or more of the Defendants raise this issue in their responsive pleading(s) and if Plaintiff fails to prove that he provided the requisite statutory notice, the Court may dismiss one or more state claims at that time.

Doc. 15 at 22-23.

The District Court adopted the findings and recommendations on July 16, 2014.

Neither the screening order nor the findings and recommendations considered statutes of limitations that might be applicable. As both documents stated, in screening a complaint filed by a *pro se* litigant, "[T]he Court does not rule on the merits of the proposed action" but merely "evaluates whether the complaint sets forth facts sufficient to render each claim cognizable." Doc. 6 at 2; Doc. 15 at 2. The application of a statute of limitations to any claim is a matter to be advanced by the defendant in its responsive pleading to the complaint. F.R.Civ.P. 8(c). If the statute of limitations precludes the court from granting relief on one or more claims, the defendant may file a motion to dismiss any time-barred claim for failure to state a claim on which relief may be granted. F.R.Civ.P. 12(b)(6). Defendants appropriately did so here, moving to dismiss claims that they allege are barred by the statute of limitations.

### III. Plaintiff Failed to File the Complaint Within the Statutory Period

In addition to civil rights claims pursuant to 42 U.S.C. § 1983, Plaintiff alleges multiple tort claims governed by California law. The California Tort Claims Act sets forth the procedure by which an individual can alleges tort claims against alleged state and local government tortfeasors. The individual must file his claim in accordance with the statutory provisions within six months of the accrual of the action. Cal. Gov. Code § 911.2(a). If the board denies the claim, the individual

3

may appeal the claim within six months of the date on which the denial was personally delivered or deposited in the mail to the individual. Cal. Gov. Code §§ 913(b); 945.6.

Plaintiff and Defendants agree that the County rejected the claim on April 4, 2013. Plaintiff needed to file a court action within six months thereafter, that is, by October 4, 2013. Since Plaintiff did not file the complaint in this action until December 3, 2013, all counts alleging tort claims against Defendants are untimely.

### IV.  Conclusion and Order

Plaintiff's having failed to file his tort claims within the statutory time period prescribed by California law, the Court hereby DISMISSES from the complaint in this matter counts 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18.

As a result of dismissing these counts, no claims remain against Defendants County of Stanislaus, a public entity named as Stanislaus County, Patterson Police Services, and the Stanislaus County Sheriff's Department, which is hereby DISMISSED from this matter.

The only counts remaining in this matter are counts 1, 2, and 19, all of which apply only to Defendant Timothy Schwartz. Defendant Schwartz is hereby ORDERED to file an answer or other responsive pleading to remaining counts 1, 2, and 19 within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:   **November 3, 2014**            **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE