**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PATTERSON POLICE SERVICES/STANISLAUS COUNTY SHERIFF'S DEPUTY CHIEF TORI HUGES, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01980-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION REQUESTING ISSUANCE OF SUBPOENAS FOR PRODUCTION OF DOCUMENTS/OBJECTS<br><br>(Docs. 76, 77) |

On January 12, 2016, Plaintiff Eugene Forte, proceeding pro se and *in forma pauperis* (IFP), filed a document titled "EX PARTE APPLICATION REQUESTING ISSUANCE OF SUBPOENAS FOR PRODUCTION OF DOCUMENTS/OBJECTS." Doc. 76. Thereafter, on February 2, 2016, Plaintiff filed a document titled "PLAINTIFF'S EX PARTE APPLICATION REQUESTING COURT COMPLIANCE WITH FRCP RULE 1 BY ISSUANCE OF SUBPOENA (Doc. 76-2) FOR PRODUCTION OF DOCUMENTS/OBJECTS AND ISSUANCE OF SUBPOENAS (10) SIGNED BUT OTHERWISE BLANK ACCORDING TO FRCP RULE 45, DECLARATION OF EUGENE FORTE IN SUPPORT THEREOF." Doc. 77. Because the documents sought are largely similar, the Court addresses both in this order.

For the reasons that follow, the Court denies Plaintiff's requests without prejudice.

1

## I. BACKGROUND

The Court will not recount in detail the facts of this case, discussing only what is relevant for purposes of this order. Suffice it to say, Plaintiff filed this suit alleging violations of his federal constitutional rights under 42 U.S.C. § 1983 and various state law claims, after his arrest by Deputy Chris Schwartz on the night of December 3, 2013. The Court has since dismissed most of the claims. All that remain are counts 1, 2, and 19, all of which apply to Schwartz, the only remaining defendant in this case. Docs. 16, 42, 46.

As explained in the Court's June 27, 2014, Findings and Recommendations ("F&R"):[1] "Both counts one and two state cognizable claims against Defendant Schwartz for excessive force in violation of the Fourth Amendment incident to Schwartz's arrest of Plaintiff" on December 3, 2013. Doc. 15. "The difference between counts one and two is that count one requests compensatory damages and count two requests exemplary damages." Doc. 15. And "[c]ount nineteen alleges a cognizable claim of excessive force in arrest in that Schwartz unduly prolonged the trip to the hospital to increase Plaintiff's pain and discomfort and to afford Schwartz additional time to abuse Plaintiff verbally." Doc. 15. The remaining counts therefore concern only Scwhartz's conduct toward Plaintiff on the night of December 3, 2014.

Before the Court now is Plaintiff's request for issuance of a subpoena to the Stanislaus County Sherriff's Department ("Ex. 1 subpoena") along with ten signed, but otherwise blank, subpoenas. Docs. 76, 77.

## II. DISCUSSION

Under Rule 26(b):[2]

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

---

[1] District Judge Lawrence J. O'Neill adopted the F&R in its entirety on July 15, 2014. Doc. 16.
[2] Unless otherwise stated, all references are to the Federal Rules of Civil Procedure.

2

> relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). It is settled law that a district court has wide discretion to control discovery. *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008).

With regard to subpoenas, Rule 45(d) provides that a party who issues and serves a subpoena has a duty to avoid imposing undue burden or expense on the person subject to the subpoena, and that the Court must ensure compliance with this duty. In *Mount Hope Church v. Bash Back!*, 705 F.3d 418 (9th Cir. 2012), the Ninth Circuit explained undue burden "as the burden associated with compliance" and cited *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) as an example where "a subpoena requesting all documents relating to certain people, products, and procedures impose[] an undue burden." *Mount Hope Church*, 705 F.3d at 427.

Plaintiff has submitted a subpoena which is in contravention of Rules 26(b) and 45(d). Plaintiff's request is both irrelevant to the remaining counts 1, 2 and 19, and poses an undue burden on the persons subject to the subpoena. To summarize, Plaintiff requests:

1. "All recordings, photographs and files," in various forms, which relate to the Stanislaus Sheriff's Department's procedures in handling reports about Plaintiff.

2. "All recordings, photographs and files," in various forms, which relate to Plaintiff alone or Plaintiff and certain individuals, local law enforcement agencies, local prosecutorial and defender offices since July 2010.

3. "All cell phone records and cell phone numbers in use by Stanislaus County Sheriff Deputies assigned to the Patterson Substation as of December 3rd, 2012, including, *but not limited to* Deputy Timothy Schwartz, Sgt. Randy Watkins, Chief Tori Hughes, Sgt. Walker, used on December 3rd, 2012, documenting all calls made and received on them 9:00AM . . . through December 10th, 2012."

Doc. 76-2.

First, the Court cannot adequately discern the relevance of the information which Plaintiff seeks, as they relate to his remaining claims in <u>this</u> law suit. Even construing Rule 26 broadly, the

Court is hard pressed to find how the information requested relates to Plaintiff's allegations of excessive force by Schwartz in arresting and transporting him to the hospital on the night of December 3, 2012.  Plaintiff's has not shown that his request falls within the scope of discovery.

Plaintiff states that the information "would lead to discoverable evidence which would permit Chief Tori Hughes and the Patterson Police Department to be amended as defendants in the current litigation." Doc. 77.  Plaintiff is reminded, however, that Hughes and the Patterson Police Department[3] were effectively dismissed from this case.  By orders filed July 16, 2014 and November 3, 2014, the district court judge dismissed Plaintiff's claims against them for various reasons, namely that the claims were not cognizable, factually implausible, and untimely.  Docs. 15, 42.  Plaintiff cannot now attempt to circumvent the Court's decisions.

Second, Plaintiff's requests are overbroad and would generate a voluminous amount of information requiring an excessive amount of resources to be expended.  *See Mount Hope Church*, 705 F.3d at 427; *see also* Fed. R. Civ. P. 45, Advisory Committee Notes ("A person served a subpoena that is too broad may be faced with a burdensome task to provide full information regarding all that person's claims to privilege or work product protection.") (1991 amendment).

The Court therefore denies Plaintiff's request to issue the Ex. 1 subpoena, and in the same vein, for ten signed, but otherwise blank, subpoenas.[4]

As explained in its order filed October 20, 2015, Plaintiff must seek the Court's authorization with regard to future subpoenas.  Doc. 65.  And in the future, Plaintiff's written request for subpoenas must meet the following requirements:

 1. Identify the subject of the subpoena;

---

[3] In his amended complaint used the term Patterson Police Services. AR 13.
[4] The fact that Plaintiff's requests are unopposed is immaterial to the Court's decision as it is the Court, not the parties, that is tasked with presiding over all matters in this case . Local Rule 122.

2. Describe what document(s)/information is sought, specifying whether testimony or documents, or both, are sought;

3. If documents are sought, the request must designate and specify, with some reasonable degree of certainty and particularity, the documents sought to be produced; and

4. Provide a brief and specific statement of how the information sought is relevant to the case at issue.

### III.   CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for issuance of the subpoena attached as Ex. 1 is DENIED without prejudice and

2. Plaintiff's request for issuance of ten signed, but otherwise blank, subpoenas is DENIED.

IT IS SO ORDERED.

Dated:   **February 16, 2016**          **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE