UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY SCHWARTZ,<br><br>　　　　Defendant. | 1:13-cv-1980-LJO-MJS<br><br>**ORDER RE PLAINTIFF'S EX PARTE APPLICATION (Docs. 102, 104, 105)** |

　　　The Court recently denied Plaintiff's ex parte application in which he requested that the Court order the Clerk of Court to issue him subpoenas. Doc. 101 at 2. The Court found that Plaintiff's request was not limited to a request for subpoenas ordering witnesses' attendance at trial, but rather appeared to request subpoenas for discovery purposes. *Id.*

　　　Plaintiff now clarifies that he requests subpoenas only to compel the attendance of trial witnesses. Plaintiff's request is GRANTED. The Clerk of Court SHALL issue Plaintiff subpoenas to compel the attendance of witnesses at the trial set to commence on February 7, 2017. The Court emphasizes that there will be no further discovery trial, nor will it recommence during the trial. Any attempt to do so will be a direct violation of the Court's orders, will be stopped immediately, and will be grounds for sanctions.

　　　The Court also notes that Plaintiff's recent filings contain contemptuous and accusatory language. Specifically, Plaintiff states, among other things, that:

- "Judge O'Neill tosses a smut ball at Forte saying in essence that Forte was attempting to re-open discovery that he was told he was not entitled to do." Doc. 102 at 2:8-10.

1

- "Judge O'Neill striking Forte's Doc. #23 that put on record the judicial trickery of the court prejudicing his case is in plaintiff's opinion why Judge O'Neill struck Doc. #23. There was nothing offensive in the document but the truth is shameful to any ethical jurist." *Id.* at 2:17-3:4.

- "Therefore, Judge O'Neill would be aware of Forte's repeated allegations of the connection between Judge Ishii, Magistrate McAuliffe, Judge O'Neill and Magistrate Snyder involved in perpetrating a 'fraud upon the court' by a 'fraud by the court' when he struck Doc. #23 that contained such allegations."

- "JUDGE O'NEILL HAS LOST ALL CREDIBILITY AND THERE IS AN APPEARANCE OF BIAS." *Id.* at 4:4-5 (emphasis in original).

- "Regrettably, in plaintiff's opinion and based upon the record, Judge O'Neill's statements at the pretrial conference of 12/15/2016 reveal that he is far less than an impartial jurist (which will be addressed in detail in a Disqualification Motion that will be filed in this case). It shows that Judge O'Neill is intentionally concealing his knowledge of the facts that would require his disqualification."

The Court will not permit any further accusations and statements of disrespect directed at the Court. If Plaintiff thinks this language is appropriate for appellate reasons, that is an issue for the Ninth Circuit. This is Plaintiff's only warning. Further, such misconduct will result in an order to show cause. Plaintiff needs to know that remedies for contempt including dismissal of his case, monetary sanctions, and/or custody.

IT IS SO ORDERED.

Dated:  **December 21, 2016**        /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE