# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE FORTE,** | **1:13-cv-01980-LJO-MJS** |
| Plaintiff, | **ORDER TO SHOW CAUSE RE CRIMINAL CONTEMPT OF COURT** |
| v. | |
| **TIMOTHY SCHWARTZ,** | |
| Defendant. | |

Plaintiff Eugene Forte has used "contemptuous and accusatory language" in prior filings. *See* Doc. 106 at 1-2. On December 21, 2016, Chief Judge Lawrence J. O'Neill informed Plaintiff that he would "not permit any further accusations and statements of disrespect directed at the Court," *id.* at 2, and explained that this was "Plaintiff's only warning." *Id.* He was also warned about being disrespectful toward the Court on the record on December 15, 2016.

On January 15, 2017, Plaintiff filed an ex parte application in which he made various scheduling requests. *See* Doc. 113 at 1. Defendant responded (Doc. 114), and Plaintiff replied (Doc. 115). Despite Chief Judge O'Neill's prior warning, Plaintiff made the following comments in his application and reply:

- "In plaintiff's opinion Larry O'Neill is a judge by title only. The court record indicates that O'Neill is a prejudicial jurist and prevaricator of the truth who is personally embroiled with plaintiff . . . . Plaintiff will continue to respect and follow the Orders of the court but reminds O'Neill that a judge is not the court." *Id.* at 1 n.1

- "On January 3rd, 2017 O'Neill denied the Motion to continue by sloppily, haphazardly and prejudicially moved some of the filing dates contained within the Pretrial Order (Doc. 110) but did not address all of them, i.e., date for filing the joint trial statement thereby creating a conundrum of confusion by design." *Id.* at 3 (emphasis omitted).

- "Plaintiff continues to allege that O'Neill is involved in a 'fraud upon the court', personally embroiled with plaintiff, and by his own prejudicial design has created hardships at a every juncture for plaintiff by intentionally misstating the facts. Plaintiff submits that O'Neill is a gross prevaricator of the truth . . . . As an offer of proof of the propensity of O'Neill to intentionally misstate the facts to conceal his knowledge of such embroilment . . . ." *Id.* at 3 n.2.

- "Plaintiff submits that O'Neill is a liar based upon the record and there are numerous others statements of prejudicial false facts by O'Neill." *Id.*

- "Does O'Neill want to admit that he is so inept that he (and his law clerks) cannot remember what happened a day before at the Pretrial conference (plaintiff saying that he needed trial witness subpoenas), or does he want to admit to being a prejudiced jurist that has lost his judicial compass due to his embroilment with plaintiff and his participation of what plaintiff alleges is a 'fraud upon the court' with Magistrate Snyder, Judge Ishii and Magistrate McAuliffe to deny plaintiff his due process? In plaintiff's opinion based upon the record O'Neill is either totally inept or undeserving of being a judge or prejudicially embroiled with plaintiff and deserving of disqualification." *Id.*

- "Plaintiff being aware of what he believes is the prejudicial trickery of O'Neill . . . ." *Id.* at 6.

- "[Plaintiff] had no choice but to prepare this subject motion due to what he believes is due to the prejudice, animus and personal embroilment of O'Neill." *Id.* at 7; *see also* Doc. 115-1 at ¶ 16 (same).

- "Plaintiff submits that in his opinion, it is shameful sanctionable conduct by an officer of the court, and in a way it is nothing more than [Defense counsel] emulating Judge O'Neill's injudicious conduct in this subject case." Doc. 115 at 3.

Under 18 U.S.C. § 401, this Court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Federal Rule of Criminal Procedure 42(a) provides in full:

> (a) Disposition After Notice. Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.
>     (1) Notice. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
>         (A) state the time and place of the trial;
>         (B) allow the defendant a reasonable time to prepare a defense; and
>         (C) state the essential facts constituting the charged criminal contempt and describe it as such.
>     (2) Appointing a Prosecutor. The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the

> request, the court must appoint another attorney to prosecute the contempt.
> (3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

Pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42(a), Chief Judge O'Neill has referred this matter to the undersigned to determine whether Plaintiff should be held in criminal contempt for the language contained in his filings in this case, including but not limited to his recently filed ex parte application and reply, and for violating a Court order. *See* Fed. R. Crim. P. 42(a)(3). In a subsequent filing, the Court will request that the U.S. Attorney's Office for the Eastern District of California prosecute the matter. *See* Fed. R. Crim. P. 42(a)(2).

The undersigned will hold a status conference on February 13, 2017, at 11:00A.M., to schedule a substantive contempt hearing in the future. Plaintiff Eugene Forte is ordered to appear in person at that time in the courtroom of the undersigned on the 7th floor of the United States Courthouse in Fresno, California.

IT IS SO ORDERED.

Dated:  **January 20, 2017**                          *Dale A. Drozd*
                                                       UNITED STATES DISTRICT JUDGE