**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EUGENE FORTE,** | 1:13-cv-1980-LJO-MJS |
| **Plaintiff,** | **ORDER RE MISCELLANEOUS EX PARTE APPLICATIONS (ECF NOS. 123, 132, 138, 139)** |
| v. | |
| **TIMOTHY SCHWARTZ,** | |
| **Defendant.** | |

On August 22, 2017, Plaintiff filed an Ex Parte Application, directed at the undersigned, in which he requests rulings on a previous Ex Parte Application. ECF No. 139. Specifically, he refers to a February 4, 2017 application for clarification and for other relief, ECF No. 123, on which he previously requested rulings by way of an Ex Parte Application on March 5, 2017, ECF No. 132.[1] The February 4,

---

[1] On March 6, 2017, the Court took Plaintiff's March 5, 2017 Ex Parte Application under submission on the papers. ECF No. 133. The Court notes that an Ex Parte Application for Clarification is not grounded in any Federal Rule of Civil Procedure and is improper to the extent it is being used to request reconsideration of previous rulings or other forms of relief governed by the Federal Rules. For example, on May 1, 2017, Plaintiff filed an "Ex Parte Application for Clarification of and Objection to Order Doc. 135," in which he requested "clarification" as to why Plaintiff's "Motion for an Order to Show Cause" was not properly before Judge O'Neill and what the Court meant when it stated Plaintiff's requests lacked factual or legal merit. ECF No. 138. He also requested that the undersigned disqualify himself from ruling on the Ex Parte Application for Clarification. *Id*. The remedy for the first two request is either a properly noticed motion for reconsideration subject to the relevant reconsideration standards or an appeal; the remedy for the latter requests is a properly noticed motion to disqualify or

1

2014 Application requests clarification/action on a number of issues, which are taken in turn.

    (1) First, Plaintiff requests Clarification of this Court's Order to Show Cause Re Criminal Contempt Of Court (ECF No. 117) as to the following specific issues:

        (a) Plaintiffs asks the Court to clarify if the hearing set for 02/13/2017 is in fact a hearing on an Order to Show Cause because it was calendared as a "status conference."

Response: As this hearing has already taken place, and was treated as a status conference, this request is moot.

        (b) Plaintiff asks whether he has been charged with criminal contempt or not, and by whom? Response: The charges were filed and tried in the parallel criminal case number 1:17-cr-00036-TLN-1, which is currently on appeal. The charges speak for themselves.

        (c) "How was [Judge] Drozd assigned the case?" Response: Because the contempt charges involved assertions about the undersigned, the matter was referred to the only other active district judge in the Fresno Division of the Eastern District of California: United States District Judge Dale A. Drozd.

        (d) "Did Drozd take into consideration that Forte was under [Doctor's] order not to engage in any stressful activity?" Response: The minutes of the hearing before Judge Drozd on 3/6/17 in case number 1:17-cr-00036 reveal that Judge Drozd solicited information on Plaintiff's medical situation. The same day, Plaintiff moved to recuse Judge Drozd from the contempt matter, and shortly thereafter the case was reassigned to Judge Troy L. Nunley.

        (e) "Will plaintiff be able to call witnesses to testify at the hearing on 02/13/2017?" Response: This question was mooted by the bench trial on the criminal contempt matter

---

an appeal. The Court will therefore not rule on the May 1, 2017 Application and will strike any further improper attempts to utilize the procedural mechanism of an Ex Parte Application. The Court only rules herein on the August 22, 2017 Ex Parte Application because it previously took the related February 4, 2017 Ex Parte Application under submission on the papers, implying that a written ruling would issue. Plaintiff is cautioned that abusive filings are grounds for revocation of his permission to file electronically.

itself, at which Plaintiff was represented by counsel. At that trial, a transcript of the sought-after witness was accepted in lieu of live testimony from that witness.

(2) Next Plaintiff requests a "written order of, and/or all other documentation of Lawrence O'Neill 'referring matter' to Dale A Drozd as stated in Order Doc. #117."

    (a) Plaintiff requests "documents showing how and why the Drodz assignment took place and a written Order signed by O'Neill." Response: As mentioned, because the contempt charges involved assertions about the undersigned, the matter was referred to the only other active district judge in the Fresno Division of the Eastern District of California: United States District Judge Dale A. Drozd. The Court is not aware of any rule that requires a written order of transfer under such circumstances and none was produced.

    (b) "Did [Judge] O'Neill know that Drozd was the judge who dismissed the case of *Forte v. Merced County*, 1:15-0147-DAD-BAM which is now on appeal at the time he 'referred the matter' over to Drozd?" Response The undersigned was unaware of the prior dismissal but notes that Judge Drozd's prior involvement in that case is not necessarily dispositive of the propriety of his proceeding over the subsequent contempt proceeding. Moreover, the issue was rendered either moot or harmless by the fact that the contempt proceeding was thereafter transferred to Judge Troy L. Nunley.

(3) Next, Plaintiff makes a "request for investigation of prosecuting U.S. Attorney, Phillip A. Talbert, and Assistant United States Attorneys Kirk E. Sheriff and Dawrence Rice Jr. surreptiously Directing Fresno F.B.I. Special Agent McAfee to contact Criminal defendant/plaintiff." Response: The Court has no jurisdiction to order or suggest that such an investigation take place.

(4) Plaintiff objects to Lawrence O'Neill assigning Criminal Contempt proceeding to Dale A. Drozd. Plaintiff cites his own declaration, ECF No. 123-1 at ¶ 11, as support for this objection. Response: The cited paragraph simply states that Plaintiff objects to the transfer, without

providing supporting facts or authority. Moreover, the matter was thereafter rendered moot or harmless because the contempt case was transferred to Judge Troy L. Nunley.

(5) Finally, Plaintiff objects "to Dale A. Drozd presiding over contempt hearing and/or status conference." Response: Again, Plaintiff cites a paragraph from his own declaration, ECF No. 123-1 at ¶ 12, which provides no supporting facts or authority. As mentioned, the issue was rendered either moot or harmless, as the matter was thereafter transferred to Judge Troy L. Nunley.

Plaintiff Forte should re-read footnote one herein before any further ex parte matters or requests are filed.

IT IS SO ORDERED.

Dated: **September 20, 2017**       /s/ Lawrence J. O'Neill
                                               UNITED STATES CHIEF DISTRICT JUDGE