# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>        Plaintiff,<br><br>v.<br><br>TIMOTHY SCHWARTZ,<br><br>        Defendant. | 1:13-cv-01980-LJO-MJS<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 148)** |

      On January 31, 2018, Plaintiff Eugene Forte filed the instant motion to amend his First Amended Complaint ("FAC") to add a claim for First Amendment retaliation. ECF No. 148 at 2.[1] Plaintiff represents that he has conferred with Defendant Timothy Schwartz's counsel regarding the proposed amendment, and that Defendant opposes the motion. *Id*. Plaintiff argues that leave to amend should be granted because Defendant is aware of Plaintiff's intent to bring a First Amendment retaliation claim due to Plaintiff's prior filings, including the joint pretrial statement filed on December 8, 2016, which was quoted in both pretrial orders issued in this matter. *Id*. at 4; *see* ECF Nos. 94, 107, 144.

      Generally, leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Forman v. Davis*, 371 U.S. 178, 182 (1962). Four factors are considered when determining whether to permit an amendment: (1) bad faith on the part of the plaintiff; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Prejudice to the opposing party is the most important

---

[1] Plaintiff also filed an apparently identical copy of his motion on January 31, 2018. ECF No. 147.

factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)).

Allowing Plaintiff to add an additional claim to his FAC at this point would be contrary to the interests of justice. Notice of a claim, and the opportunity to respond to and prepare to defend against a claim, is basic due process to which Defendant is entitled. Amendment at this time, less than a month before trial is scheduled to commence, would result in prejudice to Defendant and unfair delay. While Plaintiff contends that Defendant was on notice that he would be bringing a claim based on First Amendment retaliation, ECF No. 148 at 4-6, no such claim exists in Plaintiff's screened FAC. Even accepting as true Plaintiff's assertion that the factual background in the FAC suggested that a claim of First Amendment retaliation might lie, Defendant had no notice that he would be called upon to defend against that particular claim, which relies on a different theory and requires proof of different facts than Plaintiff's existing claims. The Court finds that requiring Defendant to litigate Plaintiff's new theory would be unfair and prejudicial. *See Jackson*, 902 F.2d at 1388 (citing *Priddy v. Edelman*, 883 F.2d 438, 337 (6th Cir. 1989)).

Delay is a particularly relevant factor when no reason is given for the delay. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996). Plaintiff has offered no explanation why he has waited until the eve of trial to seek leave to amend. A review of the record reveals that Plaintiff brought a First Amendment claim against Defendant in his FAC, and that claim was screened out. *See* ECF Nos. 13 at ¶ 99; 15 at 11; 16. If Plaintiff wished to amend his complaint to state a viable First Amendment retaliation claim, he could have done so at that time. Plaintiff also could have sought amendment at any other time during the subsequent three and a half years that his complaint has been pending before this Court. Plaintiff has not claimed that new facts have come to light, and indeed his arguments for granting leave to amend indicate that he has been contemplating this claim since at least December 8, 2016, some 14 months ago, when he discussed it in the parties' joint pretrial statement. *See* ECF No. 94. Additionally, the likelihood that the proceedings in this matter would be delayed by permitting

amendment supports denying Plaintiff's motion. *Lockheed*, 194 F.3d at 986. Should the Court grant Plaintiff's motion, it is likely that the upcoming trial date of February 27, 2018, less than a month from now, would need to be vacated.[2] The Court therefore finds that the delay in bringing this motion, as well as the potential delay to the proceedings, strongly weighs against granting Plaintiff's motion.

Where amendment would result in unfair prejudice and the plaintiff unduly delayed filing the motion, leave to amend may properly be denied. *Jackson*, 902 F.2d at 1388. For the foregoing reasons, therefore, Plaintiff's motion to amend his FAC is DENIED.

IT IS SO ORDERED.

    Dated: __**February 2, 2018**__             _____/s/ Lawrence J. O'Neill_____
                                                                      UNITED STATES CHIEF DISTRICT JUDGE

---

[2] Based on the extremely heavy trial obligations of the Courts in the Eastern District of California, should the trial date need to be continued, the delay to obtain another trial date is approximately two years.