UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>TIMOTHY SCHWARTZ,<br><br>　　　　　　Defendant. | 1:13-cv-01980-LJO-MJS<br><br>**DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTIONS IN LIMINE (ECF No. 146)** |

The Court has received and reviewed Defendant's motions in limine, ECF No. 146, and Plaintiff's opposition. ECF No. 151. A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436,440 (7th Cir. 1997).

Defendant's motion in limine #1 seeks to exclude evidence that the Stanislaus County District Attorney's office did not file a criminal complaint against Plaintiff, on the basis that such evidence is not relevant to whether probable cause existed at the time of the allegedly false arrest. ECF No. 146 at 2-3. Defendant argues that it would prejudice him if the jury is not made aware that he was not charged. Generally, all relevant evidence is admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, the prosecutorial decision whether or not to file a criminal complaint is not relevant to whether probable cause to arrest Plaintiff existed at the time of the incident. *See Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) ("The disposition of the criminal matter is not relevant to whether Defendants had probable cause to arrest Plaintiffs."). "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute . . . generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). A variety of reasons exist for a prosecutor's determination not to file criminal charges in a particular case which are not related to whether probable cause to effectuate an arrest existed. Additionally, a significant risk exists that admitting evidence that no charges were filed would shift the jury's focus from the events that occurred during Plaintiff's arrest to the prosecutor's decision, creating unfair prejudice and misleading the jury. *See Johnson v. City of Los Angeles*, Case No. CV 14-5848 DMG (Ex), 2015 WL 12806460, at *3 (C.D. Cal. Oct. 13, 2015). Finally, the burdens of proof in criminal and civil cases are not the same. For the foregoing reasons, Defendant's motion in limine #1 is GRANTED.

As to Defendant's motion in limine #2, it is not apparent from the face of Plaintiff's opposition how evidence of *Forte v. Jones*, No. 1:11-cv-00718-AWI-BAM, is relevant in this case. Plaintiff may file a written offer of proof setting forth the substance, purpose, and relevance of the evidence he intends to introduce at trial. *See* Fed. R. Evid. 103(a)(2); *Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995). Plaintiff's offer of proof must be filed on or before 4:00 P.M. on February 16, 2018. If it is not, then Defendant's motion in limine #2 shall be granted.

IT IS SO ORDERED.

Dated: **February 13, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

2