# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EUGENE FORTE,** | **1:13-cv-01980-LJO-MJS** |
| Plaintiff, | **DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTIONS IN LIMINE (ECF No. 146)** |
| v. | |
| **TIMOTHY SCHWARTZ,** | |
| Defendant. | |

On January 31, 2018, Defendant file motions in limine. ECF No. 146. Plaintiff filed an opposition on February 8, 2018. ECF No. 151. On February 13, 2018, the Court issued a decision and order granting Defendant's motion in limine # 1 and ordering Plaintiff to file an offer of proof as to the evidence identified in Defendant's motion in limine #2. ECF No. 160. Plaintiff filed his offer of proof on February 20, 2018. ECF No. 165.

Generally, all relevant evidence is admissible.[1] Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant's motion in limine #2 seeks to exclude evidence pertaining to *Forte v. Jones*, No.

---

[1] It is a tautology to state that only admissible evidence may be admitted at trial, but the point bears emphasis. "Irrelevant evidence is not admissible," Fed. R. Evid. 402, and the parties are cautioned that evidence or facts which are not relevant to the specific claims at issue in this case are not admissible at trial.

1

1:11-cv-00718-AWI-BAM. ECF No. 146 at 1. The Court instructed Plaintiff to include in his offer of proof "the substance, purpose, and relevance of the evidence he intends to introduce at trial." ECF No. 160 at 2. Plaintiff indicates that he will offer testimony and exhibits showing that Defendant was aware Plaintiff had filed the lawsuit *Forte v. Jones*, and that a reasonable jury could conclude that Plaintiff's arrest was motivated by animus rather than the existence of probable cause. ECF No. 165 at 3-4.[2] Defendant's awareness of the lawsuit is relevant in this matter because it would tend to make whether probable cause existed more or less likely. Plaintiff's offer of proof as to that usage of the evidence is satisfactory, and he may introduce evidence that the lawsuit was filed and evidence, if any exists, that Defendant had knowledge of the lawsuit. Details of evidence presented in *Forte v. Jones*, the conduct of the trial, and the outcome of the lawsuit, however, are not relevant to this matter and will not be admitted at trial. For the foregoing reasons, Defendant's motion in limine #2 is GRANTED subject to the previously explained exception.

IT IS SO ORDERED.

Dated: **February 21, 2018**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[2] Plaintiff's filing also includes additional offers of proof arguing that Defendant's knowledge of *Forte v. Jones* is relevant to proving that Plaintiff was engages in a constitutionally protected activity, that Defendant's actions would chill a person of ordinary firmness from engaging in protected activity, and that Plaintiff's protected activity was a substantial or motivating factor in Defendant's conduct. ECF No. 165 at 4-5. None of these are elements of any claim before the Court in this case, and therefore evidence introduced for the sole purpose of proving those elements is not relevant.