UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE FORTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY SCHWARTZ,<br><br>　　　　　Defendant. | 1:13-cv-01980-LJO-MJS<br><br>MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION RECONSIDERATION (ECF No. 155) |

On January 31, 2018, Plaintiff Eugene Forte filed a motion to amend his First Amended Complaint ("FAC") to add a claim for First Amendment retaliation. ECF No. 148. The Court denied Plaintiff's motion on February 2, 2018. ECF No. 150. On February 12, 2018, Plaintiff filed the instant motion for reconsideration of the Court's February 2, 2018, order. ECF No. 155. Defendant filed an opposition on February 20, 2018. ECF No. 165. Plaintiff requested and was granted leave to reply, which he filed on February 22, 2018.[1] ECF Nos. 162, 166, 178.

A court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, and are not venues for parties to make new arguments not made in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Reconsideration is also not an opportunity to ask a court to rethink its earlier ruling. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

---

[1] Plaintiff's reply is not responsive to Defendant's opposition, and moreover consists of complaints regarding Retired Magistrate Judge Sandra Snyder's handling of the screening process and "negligence or prejudice" in screening. ECF No. 178. Because Plaintiff's arguments are not relevant to the motion to reconsider, Plaintiff's reply is STRICKEN.

1

Plaintiff moves for reconsideration under Federal Rule of Civil Procedure ("Rule") 54(b).[2] Rule 54(b) provides, in pertinent part, that

> "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

To succeed in a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied* 486 U.S. 1015 (1988). In general, "reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009). A party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). The Local Rules for the Eastern District of California additionally provide that, when a motion for reconsideration is made, the party seeking reconsideration must set forth:

(1) when and the what Judge or Magistrate Judge the prior motion was made;

(2) what ruling, decision, or order was made thereon;

(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;

---

[2] The Court also has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). It does not appear from his filings that Plaintiff seeks review under this authority. Regardless, the analysis under either Rule 54 or the Court's common law authority is the same. *Motorola, Inc. v. K.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003).

and

(4) why the facts or circumstances were not shown at the time of the prior motion.

Local Rule 230(j).

Defendant argues that Plaintiff has not presented any new fact or law, and only reargues his prior motion, and that Plaintiff's motion for reconsideration should therefore be denied. ECF No. 164.[3] Defendant also states that he had viewed the case as a straightforward Fourth Amendment claim, and that Plaintiff's proposed amendments change both procedural and substantive issues regarding evidence at trial and defenses. *Id*.

Plaintiff argues in his motion for reconsideration that the Court erred by ruling on the motion to amend without a written opposition from Defendant and thereby advocated for Defendant. ECF No. 155 at 4-5. The Court has no obligation to wait for all parties to file formal statements of opposition or non-opposition before ruling on an issue. In his motion to amend, Plaintiff represented that he had conferred with Defendant Timothy Schwartz's counsel regarding the proposed amendment, and that Defendant opposed the motion. ECF No. 148 at 2. This is certainly sufficient notice to the Court that Plaintiff's proposed amendment did not have the written consent required by Rule 15(a)(2). Similarly, when deciding an issue, the Court is not restricted to the arguments made by either party but is bound to render its decision in accordance with the law, regardless of whether any party has or has not made a specific argument or cited to a specific authority.

Plaintiff also argues that the Court relied on false facts in denying his motion to amend. Specifically, Plaintiff contends that his First Amendment claim was not screened out of his FAC. ECF No. 155 at 9. To reach this conclusion, Plaintiff misconstrues the screening order in this case. Plaintiff quotes the following language from the screening order in his motion for reconsideration: "Counts one

---

[3] Plaintiff filed on February 22, 2018, an objection to Defendant's opposition on the grounds that it is unfair to require Plaintiff to reply to an opposition when Defendant did not file an opposition to the motion to amend. ECF No. 179 at 5. Plaintiff asks that the Court strike the opposition. *Id*. Plaintiff was not required to file any reply to Defendant's opposition; he requested and was afforded the opportunity to do so. *See* ECF Nos. 162, 166. Plaintiff has cited no legal basis on which to strike the opposition. Therefore, Plaintiff's objection is DENIED.

3

and two, alleging a § 1983 claim of the use of excessive force in the course of arrest in violation of the Fourth Amendment, state cognizable claims against Defendant Schwartz and should proceed." ECF No. 155 at 10. The screening order clearly stated the claims which were cognizable and were allowed to proceed. Those claims did not include a First Amendment claim. As the Court noted, no claim for First Amendment retaliation appears in Plaintiff's FAC. ECF No. 150 at 2. There is no reference to the First Amendment in any of the claims which were allowed to proceed. None of the elements of any First Amendment claim are referenced in any claim allowed to proceed. Accordingly, to the extent Plaintiff attempted to plead any First Amendment claim in his FAC, such claim was not allowed to proceed.

Plaintiff further argues that the Court inconsistently described the record in its order by stating at one point that Plaintiff's First Amendment claim was screened out of his FAC, and at another point that no First Amendment retaliation claim existed in the FAC. These statements are not mutually exclusive. Not all First Amendment claims involve retaliation. Plaintiff's FAC contains scant, vague mentions of the First Amendment, for example, in the jurisdictional section and in a footnote describing "political hyperbole." *See* ECF No. 13 at 2, 12 n.2. Arguably, there is some indication in the FAC that Plaintiff wished to bring some sort of First Amendment claim, but none of the references to the First Amendment states a claim of First Amendment retaliation.

Plaintiff argues that the delay in filing his motion to amend until the eve of trial should be excused because he was busy with other litigation matters, including his charge for contempt of court.[4] ECF No. 155 at 15. This is not a compelling explanation as to why Plaintiff did not seek leave to amend at any other point during the several years between the screening of his FAC and the filing of Plaintiff's motion to amend.

Finally, Plaintiff asserts that his arguments point to evidence the Court either negligently missed, or intentionally misconstrued. As explained above, Plaintiff's arguments regarding the record and his

---

[4] Plaintiff also extensively discusses the Court's "most convenient and astonishing lack of recall" and his request that the undersigned disqualify himself from this matter. ECF No. 155 at 11-13. Any motion for disqualification in this matter is in no way relevant to the instant motion for reconsideration.

delay in filing the motion for reconsideration are not convincing. They do not constitute a change in controlling law, new evidence, or new facts or circumstances, and Plaintiff has not demonstrated that reconsideration is necessary to prevent manifest injustice. Plaintiff has also not offered any convincing basis for the Court to conclude that, contrary to its prior finding, allowing amendment at this late stage would not be unfairly prejudicial to Defendant. Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **February 23, 2018** /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE